Henry Epstein, J.
Defendant Schwartz moves for dismissal upon the grounds of insufficiency and lack of capacity to sue of the first cause of action asserted against her. The decedent and the moving defendant were partners. Plaintiff is the surviving widow and the remaining individual defendants are the sons of the deceased and the acting executors under the will of the deceased, sued here in both capacities. It is alleged that up to the time of his death the deceased did finance, administer and control the assets, business and affairs of the partnership as an equal partner of the moving defendant, that the individual codefendants have improperly and fraudulently claimed and asserted that they are collectively an equal partner with the moving defendant and are operating the business of the partnership with her, that they have falsely and fraudulently claimed that the deceased transferred his interest in the partnership to them for no consideration and that such transfer was fraudulent and illusory and was in fraud of plaintiff’s rights under section 18 of the Decedent Estate Law, all of which was known to the moving defendant.
Clearly, a surviving widow may challenge a transfer made inter vivos upon a charge that it is illusory and in fraud of her rights. Apart from the question of the timeliness of the application, the objection that plaintiff is without capacity to sue is without merit. The grievance is asserted against the individuals who received the alleged fraudulent and illusory transfer and who in their representative capacity are in a position of adverse interest. Defendant urges further that deceased was *955 free to transfer Ms interest in .the partnership, that it was her choice to insist upon dissoMtion or to accept the codefendants as partners and a new partnersMp having been formed, there is no duty to account. Nevertheless, plaintiff has the right to maintain and establish that the transfer was illusory and for the purpose of determining that plaintiff has 'a rightful claim in the interest in the partnership belonging to the deceased at the time of Ms death. The defendant is a proper party.
The motion is demed.